UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APRIL FAVORS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-1213 (UNA) |
| UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and her *pro se* complaint, ECF No. 1. For the reasons discussed below, the Court grants the application and dismisses the complaint.

It appears that plaintiff, a Texas resident, attempted to file a matter in the United States Court of Appeals for the Fifth Circuit which was refused by a Deputy Clerk of Court. Plaintiff's Statement of Claim reads:

> I asked for a case to be looked at she sent it back saying they don't handled misconduct when I have filed a case here that was overlooked, now say to file in Texas when I was told to file complaint with this office  Both cases have not been investigated properly.

Compl. at 4. As a result, plaintiff alleges, she suffered emotional distress for which she demands unspecified monetary damages. *See id.*

This federal district court has no authority to direct the actions of or review decisions made by a federal appellate court and its staff. As a general rule, applicable here, a federal

1

district court lacks jurisdiction to review the decisions of other courts.  28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Joppy v. United States*, No. 17-12389-G, 2017 WL 5714247, at *1 (11th Cir. Oct. 18, 2017) (per curiam) (affirming dismissal of complaint "seeking relief from a judgment against [appellant] entered by the U.S. Court of Appeals for the Federal Circuit" for failure to state a claim because a "district court in this Circuit does not have the authority to review a decision by a Court of Appeals of another Circuit"); *Xiangyuan Zhu v. United States*, 198 F. App'x 6 (D.C. Cir. 2006) (per curiam) (concluding that "district court correctly determined that appellant's complaint in essence requested the district court to overturn the decision of the United States Court of Appeals for the Tenth Circuit . . . which it lacked jurisdiction to do"); *see also Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *Leji v. U.S. Dep't of Homeland Sec.*, 752 F. App'x 1, 2 (D.C. Cir. 2019) (per curiam) (noting that "the [district court lacked authority to review decisions of appellate courts and other district courts").

Plaintiff's claim against the Deputy Clerk of Court fails because the absolute immunity protecting judges from liability for damages for acts taken in their judicial capacities extends to Clerks of Court performing "tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *Evans v. Suter*, 260 F. App'x 726 (5th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1282 (2008).  The decision to accept or reject a submission is integral to the judicial process, which renders the Deputy Clerk immune from plaintiff's suit for damages.  *See, e.g., Jones v. U.S. Supreme Court*, No. 10-CV-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) (concluding that court clerks are immune from suits for damages arising from activities such as the "receipt and processing of a litigant's filings"), *aff'd*, 405 F. App'x

508 (D.C. Cir. 2010), *aff'd*, 131 S. Ct. 1824 (2011); *Bishay v. Harris*, 2022 WL 612609, *2 (D.D.C. March 1, 2022) (same).

      An Order is issued separately.


DATE: May 6, 2022

                                                                _____
                                                                 TREVOR N. McFADDEN
                                                                 United States District Judge